```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
DRYWALL TAPERS AND PAINTERS OF GREATER                             :
NEW YORK LOCAL UNION 1974,                                         :
                                                                   :                25-CV-2348 (AS)
                             Petitioner,                           :
                                                                   :            MEMORANDUM OPINION
              -v-                                                  :                AND ORDER
                                                                   :
                                                                   :
NATIONAL DRYWALL INC.,                                             :
                                                                   :
                             Respondent.                           :
                                                                   :
-------------------------------------------------------------------:
                                                                   :
                                                                   X
```

ARUN SUBRAMANIAN, United States District Judge:

      On March 21, 2025, Petitioner Drywall Tapers and Painters of Greater New York Local Union 1974 filed a Petition to Confirm Arbitration. ECF No. 1. On March 21, 2025, the Court set a briefing schedule for Petitioner's submission of any additional materials in support of the Petition, Respondent's opposition, and Petitioner's reply. ECF No. 7. Petitioner served Respondent with the Petition, supporting materials, and the briefing schedule. ECF Nos. 8, 9. Pursuant to the briefing schedule, Respondent's opposition was due no later than May 8, 2025. ECF No. 7. To date, Respondent has neither responded to the petition nor otherwise sought relief from the Award.

      The Court must treat the Petition, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration awards). After reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.

      The Court also awards Petitioner's requested attorneys' fees and costs. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification,

attorney's fees and costs may properly be awarded." (internal quotation marks omitted)).  Here, Petitioner has met its burden of proving the reasonableness and necessity of hours spent, rates charged, and litigation costs incurred. *See* ECF No. 10.

The Court grants Petitioner's request for pre-judgment interest at a rate of nine percent. *See Herrenknecht Corp. v. Best Rd. Boring*, No. 06-CV-5106 (JFK), 2007 WL 1149122, at *3 (S.D.N.Y. Apr. 16, 2007) ("The common practice among courts within the Second Circuit is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law." (internal quotation marks omitted)); *Waterside Ocean Navigant Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (adopting a "presumption in favor of pre-judgment interest").

Finally, the Court grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, the Court GRANTS Petitioner's unopposed petition to confirm the entire Award.

SO ORDERED.

Dated: August 4, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge